IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**DAVID HORTON,**

       Petitioner,

v.                                                                                                                          **Case No. 2:07-cv-2739**

**UNITED STATES OF AMERICA,**

       Respondent.

**ORDER STRIKING DEFENDANT DAVID HORTON'S
PRO SE MOTION TO APPOINT COUNSEL**

       Before the Court is a Letter from Defendant David Horton, filed on August 20, 2009 (D.E. #21). The Letter inquires into the status of a previous pro se request for appointment of new counsel, filed on June 12, 2009, and the Letter reiterates that Defendant is not satisfied with his counsel and would like "assistance from the Court." On September 1, 2009, United States District Judge S. Thomas Anderson entered an Order of Reference construing the Letter as a pro se motion to appoint new counsel and referring the motion to United States Magistrate Judge Charmiane G. Claxton.

       Upon review of the instant case, the August 20, 2009 Letter is the third such pro se request for appointment of new counsel filed in this matter. First, on January 21, 2009, Defendant filed a Letter that United States District Judge S. Thomas Anderson construed as a pro se motion to appoint new counsel. On June 3, 2009, the District Court entered an Order Striking Motion to Appoint New Counsel. In this order, the District Court instructed Defendant that a litigant who is represented by

1

counsel has no constitutional right to demand that the Court also consider pro se arguments, pleadings or motions.  See United States v. Edwards, 101 F.3d 17, 19 (2d Cir. 1996); Ennis v. LeFevre, 560 F.2d 1072, 1075 (2d Cir. 1977).  The District Court noted that the statute governing the manner in which parties may appear in federal court is specifically phrased in the disjunctive: "the parties may plead and conduct their own cases personally or by counsel."  See 28 U.S.C. § 1654.

Accordingly, the District Court instructed Defendant to consult with his appointed counsel regarding any matters that he wishes the Court to address.  Further, the District Court ordered that Defendant's January 21, 2009 Letter be stricken as an uncounseled submission to the Court.  Finally, the District Court advised Defendant that he has a right to represent himself, including if he and his attorney are conflicted on questions of strategy.  United States v. Jones, 489 F.3d 243, 248-49 (6th Cir. 2007).  The District Court informed Defendant that, if he prefers to represent himself, he must clearly and unequivocally assert this right.  Id.

On June 12, 2009, Defendant filed a second Letter containing further concerns regarding his attorney.  The Letter states that Defendant no longer desires to be represented by his attorney, that his attorney advised him to "drop or vacate" his claims pursuant to 28 U.S.C. § 2255, that his attorney has not provided him any suitable assistance, that his attorney's position is "with the government," that he has no trust in his attorney, and that his attorney has not sought an evidentiary hearing on his case.  This Letter was construed by the District Court as a pro se motion to appoint new counsel and was referred to United States Magistrate Judge Charmiane G. Claxton.  The Court struck this filing, relying on the District Court's rationale.

Accordingly, as to Defendant's third Letter filed August 20, 2009, the Court finds that it

should be STRICKEN for the same reasons set forth above. The Court instructs Defendant that he should not file further pro se pleadings, motions, or other documents while he is represented by counsel. The Court again advises Defendant that he may exercise his right to represent himself if he so elects. However, unless and until Defendant clearly and unequivocally expresses his desire to exercise this right, Defendant is ordered to consult with his attorney and to allow his attorney to file all motions, pleadings, or other documents on his behalf.

**Finally, the Court directs the Clerk of Court to send a copy of (1) this Order, (2) the Court's June 3, 2009 Order Striking Pro Se Motion to Appoint Counsel, and (3) the Court's July 2, 2009 Order Striking Pro Se Motion to Appoint Counsel to the Defendant personally at the address on file with the Court.**

**IT IS SO ORDERED** this 14th day of January, 2010.

                                                  s/ Charmiane G. Claxton
                                                  CHARMIANE G. CLAXTON
                                                  UNITED STATES MAGISTRATE JUDGE